UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN J. COLON,

                Plaintiff,

-v-

CORRECTION OFFICER JACKSON, et al.,

                Defendants.

17-CV-2395 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Edwin J. Colon brings this action against Correction Officer Jackson ("Officer Jackson"), Warden Charlton Lemon ("Warden Lemon") and the City of New York ("the City") (collectively "Defendants") pursuant to 42 U.S.C. § 1983. (Dkt. No. 7 ("AC").) Colon alleges that Defendants violated his constitutional rights by failing to protect him from being assaulted by other inmates on March 7, 2017. Warden Lemon and the City move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 22.) For the following reasons, the motion to dismiss is granted.

**I.    Background**

      The following facts are drawn from the Amended Complaint, as well as Colon's opposition to the motion to dismiss, and are presumed true for the purpose of deciding this motion. *See Henning v. N.Y.C. Dep't of Corr.*, No. 14 Civ. 9798, 2016 WL 297725, at *3 (S.D.N.Y. Jan. 22, 2016) ("Although this allegation appears in his opposition papers, the Court— consistent with its duty to liberally construe *pro se* pleadings—will credit Plaintiff's assertion in evaluating the sufficiency of his complaint.").

      Colon is a pretrial detainee at Rikers Island. (AC at 2.) On March 7, 2017, Colon was assaulted by two inmates in a cell at the New York City Department of Correction's Vernon C.

Bain Center. (AC at 3.) Upon hearing Colon's calls for help, Officer Jackson went to the cell and ordered the inmates to stop assaulting Colon. (*Id.*) When the inmates did not cease their attack, Officer Jackson pulled one of the inmates off Colon and Colon was able to flee the cell. (*Id.*) When Colon was running away, other inmates attacked him with sharp objects and caused cuts to his arm and head. (*Id.*) Colon alleges that Officer Jackson failed to protect him because the officer failed to (1) "push and use his P.B.A. so that use of force [could] be used to help"; and (2) "use his chemical agent to cont[ai]n this attack." (*Id.*) Colon further alleges that Warden Lemon failed to ensure his safety during his detention. (AC at 4.)

Colon commenced this action *pro se* on April 3, 2017, against the New York City Department of Correction ("DOC"). (Dkt. No. 2.) On July 24, 2017, Colon filed the operative Amended Complaint naming Officer Jackson, Warden Lemon, and the DOC as the defendants. (Dkt. No. 7.) By an order dated September 18, 2017, the Court dismissed claims against the DOC and construed the Amended Complaint as alleging claims against the City. (Dkt. No. 9 at 2.)

The City and Warden Lemon now move to dismiss the claims against them.[1]

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *City of N.Y. v. Beretta U.S.A. Corp.*, 524 F.3d 384, 392 (2d Cir. 2008) (citation omitted). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

---

[1] Officer Jackson has filed an answer to the Amended Complaint. (Dkt. No. 37.) The claims against him are not at issue in this opinion.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing the sufficiency of a complaint, a court will not rely on mere conclusory allegations that lack a factual basis. *See Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). A plaintiff's complaint "must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 680) (cleaned up).

A complaint filed *pro se* "must be construed liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (brackets and internal quotation marks omitted). However, a *pro se* litigant must nonetheless "plead facts sufficient to state a claim to relief that is plausible on its face." *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

## III. Discussion

Construed liberally, Colon's complaint alleges that Warden Lemon and the City failed to protect him when he was incarcerated. (Dkt. No. 42 at 1, 4–6.) Warden Lemon and the City move to dismiss the claims against them.

### A. Claim against Warden Lemon[2]

Colon first alleges that Warden Lemon failed to protect him from harm caused by other inmates in violation of the Eighth Amendment.

---

[2] To the extent that Colon is alleging supervisory liability against Warden Lemon, his claim fails because he does not allege sufficient facts to demonstrate Warden Lemon's personal involvement with the alleged constitutional violation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)))

3

"Failure to provide an inmate with adequate security may be the basis for a § 1983 claim[.]" *Coronado v. LeFevre*, 886 F. Supp. 220, 223 (N.D.N.Y. 1995) (citing *Stubbs v. Dudley*, 849 F.2d 83, 85 (2d Cir. 1988)). The Supreme Court has held that a prison official's failure to protect an inmate violates the Eighth Amendment when two requirements are satisfied: "First, the deprivation [of rights] alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). In the context of a failure-to-protect claim, this requires that the inmate "show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. Second, the defendant must be deliberately indifferent to inmates' health or safety. *Id*. "[D]eliberate indifference is a *subjective* standard requiring proof of actual knowledge of risk by the prison official." *Cash v. Cty. of Erie*, 654 F.3d 324, 341 n.8 (2d Cir. 2011). And where municipal liability for failure to protect is asserted, "deliberate indifference is an *objective* standard that is satisfied if the risk is so obvious that the official should have known of it." *Id*.

Colon fails the second requirement because he does not sufficiently allege that Warden Lemon was deliberately indifferent to his safety. Deliberate indifference requires actual knowledge. *Id.* Other than a conclusory allegation that "Warden Lemon fail[ed] . . . to protect and ensure my safety in his facility" (AC at 4), Colon does not allege that Warden Lemon had actual knowledge of any substantial risk giving rise to the March 7 assault. In fact, Colon does not allege that Warden Lemon was on notice—before, during, or after the March 7th assault— that Officer Jackson or any other correctional officers had committed any wrongful acts in ensuring inmate safety. Because there is no allegation that Warden Lemon knew or should have known that inmates faced a risk of unconstitutionally inadequate protection from harm—

4

specifically from officers' failure to use sufficient force in protecting inmates when attacked—Colon does not sufficiently allege deliberate indifference.

The Court need not address whether Colon has alleged that he suffered "sufficiently serious" harm under *Farmer* as Colon has failed to satisfy the state of mind requirement in the first instance. Therefore, Colon's failure-to-protect claim against Warden Lemon is dismissed.

### B. Municipal Liability

Colon argues that the City is liable for Officer Jackson's alleged failure to protect him under a theory of municipal liability.

"It is axiomatic that municipalities cannot be held liable pursuant to § 1983 on a *respondeat superior* theory." *Betts v. Shearman*, No. 12 Civ.-3195, 2013 WL 311124, at *15 (S.D.N.Y. Jan. 24, 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Instead, "[t]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted). Accordingly, "[t]o allege the existence of an affirmative municipal policy, a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." *Missel v. Cty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009). Without more, "[t]he allegations that [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." *Id.*; *see Santiago v. City of N.Y.*, No. 09 Civ. 856, 2009 WL 2734667, at *3 (E.D.N.Y. Aug. 25, 2009).

Colon's complaint does not allege that any policy or custom of the City was the cause of the assault on March 7, 2017. Colon alleges only that the City is the employer of Officer

5

Jackson (Dkt. No. 42 at 5–6), but such an allegation is insufficient to plead a municipal liability claim. Accordingly, Colon's *Monell* claim against the City is dismissed.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Warden Lemon and the City is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 22.

SO ORDERED.

Dated: September 28, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*